**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JONATHAN BRYANT DEAN,** | ) | **Case No. 1:14-cv-00072-SJD-KLL** |
| | ) | |
| **Plaintiff,** | ) | **District Judge Susan J. Dlott** |
| | ) | **Magistrate Judge Karen L. Litkovitz** |
| **vs.** | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| **TIME WARNER CABLE et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |

WHEREAS, the Court recognizes the legitimate interests of the parties (and subpoenaed non-parties) in the above-captioned action in the confidentiality and security of certain business, medical, and personal information, including electronically stored information, as well as the requirements of the Health Insurance Portability and Accountability Act ("HIPAA");

IT IS HEREBY ORDERED as follows:

1.      This Stipulated Protective Order ("Order") governs all documents and information, including electronically stored information, produced at any time during the pendency of this action, including any documents and information produced prior to the entry of this Order, by any party or any non-party, which is subject to a subpoena for a deposition on oral examination or subpoena *duces tecum*, or called to testify in this matter at trial; all copies of or information contained in any such documents; responses to Interrogatories, responses to Requests for Documents and/or or Requests for Admissions, deposition transcripts and exhibits, or other discovery; all information and photographs derived/obtained during any inspection; and all other information produced or provided in this action by the parties or any non-parties, including without limitation deposition, hearing and trial testimony (collectively referred to as "Litigation Material").

2.    HIPAA COMPLIANCE:  In part, the purpose of this Order is to comply with the requirements of HIPAA and 45 CFR §164.512(e)(l)(v).  This Order covers all health information protected by HIPAA, including medical records, disclosed both by parties and non-parties.  All such information shall be deemed confidential and may only be used for the purposes of this litigation.  At the end of the litigation or proceeding, all protected health information shall be destroyed or returned to the disclosing party.

3.    Litigation Material shall be used solely for the purpose of preparing for, or conducting the trial of, this action.  Litigation Material shall not be disclosed or used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, except as otherwise required by law.

4.    Any party or non-party producing Litigation Materials in this case may designate any Litigation Materials as "Confidential" if such designation is made in good faith consistent with the following definition.  The designation "Confidential" shall be utilized for Litigation Materials containing non-public, sensitive commercial, financial or proprietary business or personnel information or protected personal information.

5.    With respect to hard copy information, a party, non-party, or its counsel may designate as Confidential any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential:  Subject to Protective Order") on every such page at or prior to the time of production.

6.    With respect to electronically stored information ("ESI") produced in a software format in which the document or information was derived from information originally created and stored on the producing party's or non-party's storage media, a party, non-party, or its counsel may designate as Confidential any native ESI by segregating such files on a separate

2

disk, with each file on the disk having a unique name or number identifier, and labeling each file contained on the disk, as well as the entire disk itself, with the word "Confidential " (or a phrase to that effect, such as "Confidential ESI: Subject to Protective Order") at or prior to the time of production.

7.     With respect to ESI produced in image file format, i.e., portable data file ("PDF" or tagged image file format ("TIFF"), a party, non-party, or its counsel may designate as confidential any image file ESI by labeling each page of each image file as "Confidential" (or a phrase to that effect, such as "Confidential: Subject to Protective Order") at or prior to the time of production.

8.     A party, non-party, or its counsel may designate depositions (or other testimony) and inspections as either "Confidential" by so stating on the record on the day the inspection takes place or testimony is given or by sending written notice to counsel for all other parties designating the inspection confidential prior to the inspection or designating, by page and line, the portion of any transcript or transcripts to be treated as confidential within 30 days of receipt of the applicable transcript by the witness.

9.     A party, non-party, or its counsel may designate any other Litigation Material not encompassed within Paragraphs 1 through 5 above, so long as it satisfies the definition of "Confidential" material in paragraph 4, in the same manner as described in paragraphs 5-8 or by sending written notice to counsel for all other parties specifically designating the material to be treated as Confidential at or prior to the time that it is produced.

10.     All Litigation Material designated or stamped as Confidential, any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below, unless ordered by the

Court or done with the prior written consent of the producing party's counsel. Any disclosure will be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action and for no other purpose. Persons to whom Litigation Material designated as Confidential may be given, shown, made available, or communicated are the following:

      (a)     the Court (including clerks and other court personnel);

      (b)     the parties and their counsel of record, including directors, officers, representatives or employees of the above who are assisting them for the purpose of preparing for, conducting or settling this action;

      (c)     court reporters who transcribe deposition or other testimony in this action;

      (d)     consultants or expert witnesses retained by a party for the purpose of preparing for, conducting or settling this action, who will utilize any Confidential material disclosed solely to assist in preparing for, conducting or settling this action; and

      (e)     any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as Confidential material.

      11.     If the producing party or non-party agrees in writing, the parties may include additional persons or categories of persons, beyond those listed in paragraph 10, to whom Litigation Material designated as Confidential may be given, shown, made available or communicated to the extent reasonably necessary for the effective prosecution and defense of the claims in this action and for no other purpose. Absent the agreement of the producing party or non-party, each party reserves the right to move the Court for good cause shown to seek to include additional persons or categories of persons, beyond those listed in paragraphs 10, to

whom Litigation Material designated as Confidential may be given, shown, made available or communicated.

12.  Nothing herein shall restrict the persons identified in paragraph 10 from making working copies for use in their offices or for use during examination of witnesses, which working copy shall be automatically designated as Confidential to match the designation of the document from which it was made.

13.  Any person identified in paragraphs 10(d) or (e) above, who is given access to Litigation Material designated Confidential shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit 1, attached hereto. Counsel for the party intending to disclose Confidential Litigation Material shall be responsible for obtaining signed copies of Exhibit 1 from the individuals subject to this paragraph and for maintaining copies of the same for inspection by the opposing party or the Court.

14.  Litigation Material designated as Confidential that is filed with the Court, with the Court's permission, shall be filed under seal and shall be maintained under seal, unless the party that provided the Litigation Material waives this provision by written notice to counsel for the other parties to the action. Any such written notice may limit the extent of the waiver by designating specific information to which the waiver attaches.

15.  If Litigation Material designated as Confidential is sought to be filed with the Court, or otherwise used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Litigation Materials shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the Litigation Material. Per the authority of *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir.

1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

16.     Nothing in this Order shall prevent any party from disclosing its own Litigation Material, and any such disclosure shall not be deemed a wavier of any other party's rights or obligations under this Order.

17.     The production or disclosure of Litigation Material designated as Confidential shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action. The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including, but not limited to, a protective order or an order that the production be for Attorneys' Eyes Only. Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

18.     The inadvertent or pre-protective order production of any "Confidential" Litigation Material during discovery in this action without the "Confidential" designation or the inadvertent production of any privileged or work-product protected Litigation Material shall be without prejudice to any subsequent claim that such material is "Confidential," privileged in any respect, or protected from discovery as work-product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. No Party shall be held to have waived any rights by any such inadvertent production.

19.     No party waives the right to challenge another party's or non-party's designation of Litigation Material as Confidential. Any party hereto that objects to another party's or non-party's designation of Litigation Material as Confidential shall first state its objection in writing

to the producing party or non-party.  The parties hereto agree to confer in good faith to resolve

any dispute arising under this Order.  If the parties to the dispute are unable to resolve such

dispute, any party to the dispute may move the Court to resolve the dispute upon notice in

writing to counsel for all other parties to this action and upon such other notice as is provided by

law or rule.

   20. In the event any receiving party has possession, custody or control of any

Litigation Material designated as Confidential that becomes the subject of a subpoena or demand

for the production of such Litigation Material in another matter, that receiving party shall notify

counsel for the producing party of such a subpoena or demand within two business days of

receipt or prior to the time required for production, whichever is earlier, so as to permit counsel

for the producing party time to seek an appropriate order modifying or quashing the subpoena or

demand.  The receiving party shall not respond to any such subpoena or demand unless and until

the producing party has had an opportunity to seek an appropriate order modifying or quashing

the subpoena or demand or has provided written consent to production to the receiving party.

   21. This Order shall bind the parties and shall continue to be binding on the parties

throughout and after the conclusion of this action, including any appeals or retrials.  This Court

shall retain jurisdiction of this action for the purpose of enabling any party, person or other entity

to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order.

Upon termination of this action, each party shall return to the producing party or destroy

Litigation Materials designated as Confidential and any copies, summaries, or digests thereof

within thirty (30) days after the termination.  Nevertheless, one law firm for each party to this

action may retain for a period not to exceed five years one complete set of all trial testimony and

exhibits, all deposition transcripts and exhibits, and all pleadings and other papers filed with the

Court to the extent required by applicable ethical rules and policies of insurance. Documents

retained under the provisions of this paragraph shall be kept in a secure fashion.

**SO ORDERED:**

_U.S. Magistrate Judge_

Judge Susan J. Dlott
UNITED STATES DISTRICT JUDGE

AGREED TO:

//s// Anthony E. Giardino
Anthony E. Giardino, *pro hac vice*
**WARGO & FRENCH LLP**
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
T: (404) 853-1500
F: (404) 853-1501
Email: agiardino@wargofrench.com

J. Stephen Smith, Esq.
Trial Attorney
Graydon Head & Ritchey LLP
2400 Chamber Center Drive, Suite 300
Ft. Mitchell, KY 41017
T: (859) 282-8800
F: (859) 525-0214
Email: ssmith@graydon.com

*Attorneys for Defendant*

//s// David Torchia
David Torchia
Tobias, Torchia & Simon
911 Mercantile Library Bldg.
414 Walnut Street
Cincinnati, OH 45202
Email: davet@tktlaw.com

*Attorney for Plaintiff*

## EXHIBIT 1

I acknowledge my understanding that Litigation Material designated as Confidential, as defined in the Stipulated Protective Order entered in *Dean v. Time Warner Cable et al.*, 1:14-cv-00072-SJD-KLL (S.D. Ohio) is being provided to me pursuant to the terms and restrictions of that Order.  My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it and subject to the jurisdiction and venue of this Court for purposes of enforcing this Order and waive any objections thereto.  I also understand and agree that I am subject to sanctions or penalties for contempt of court for any violation of the terms of that Order.

Dated: _____          _____

                                        By: _____